United States Court of Appeals,

Fifth Circuit.

Nos. 94-40778, 94-40830 to 94-40841, 94-40853 to 94-40864, 94-40921 to 94-40929, 94-40961 to 94-40970, 94-40980 to 94-41000, 94-41058 to 94-41062, 94-41064 to 94-41068.

INGALLS SHIPBUILDING, INC., and American Mutual Liability Insurance Company in Liquidation by and through Mississippi Insurance Guaranty Association, Petitioners,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, U.S. Department of Labor and Wilbur Boone, et al., Respondents.

April 26, 1996.

Petitions for Review of an Order of the Benefits Review Board.

Before REAVLEY, JOLLY and WIENER, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

This appeal is the latest chapter in the case of the dauntless District Director.[1] Although the District Director of the Office of Workers' Compensation Programs was mandamused (after several years of deliberate delay) by the district court to comply with the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* ("LHWCA"), and to transfer for adjudication approximately 3,100 similar worker compensation claims, she only nominally

---

[1]As we explain more fully below, two factually distinct, but interdependent proceedings are implicated here. The first involves the mandamus order resulting from the District Director's delay in transferring for adjudication approximately 3,100 cases, including Boone's. The instant appeal concerns actions taken by the District Director *after* the mandamus order issued, in which the District Director considered and granted motions to withdraw without prejudice. The two proceedings are interrelated because the gravamen of Ingalls' complaint regarding the District Director's post-mandamus actions is that the earlier mandamus order removed her authority to grant such motions.

1

complied. She transferred the cases as directed; she then proceeded, however, to consider and grant motions to withdraw without prejudice claims filed by Wilbur Boone ("Boone") and seventy-four other claimants, whose claims are consolidated for this appeal.[2] The District Director acted on these motions to withdraw notwithstanding the intent of a district court in an earlier mandamus order that the Office of Administrative Law Judges ("OALJ")—and only the OALJ—would consider and decide these motions to withdraw. Ingalls appealed the District Director's withdrawal orders to the Benefit Review Board (the "Board"), contending, among other things, that the District Director's actions violated the prior mandamus order.

The Board, sitting *en banc,* dismissed the appeal. *Boone v. Ingalls Shipbuilding, Inc.,* 28 BRBS 119 (1994) (*en banc* ). The Board held that Ingalls lacked standing under 33 U.S.C. § 921(c) to seek review of the decision and that the issues presented by Ingalls were not ripe for adjudication. The Board also concluded, however, that the District Director had acted outside her authority by approving Boone's motion to withdraw his claim; it nevertheless held that the grant of withdrawal without prejudice was harmless. In the Board's view, the lack of standing and ripeness, as well as the lack of harm, rests on a single missing element: Ingalls has suffered no injury by Boone's withdrawal. The Board reasoned that because Boone's withdrawal abrogated Boone's claim against Ingalls,

_____

[2]Because Boone's claim is the lead case in these appeals, all references herein are to Boone as the claimant and to the sequence of events with respect to his claim.

2

Ingalls is not injured until and unless Boone refiles his claim.

Thus, on appeal, the central question is whether the Board erred in finding that Ingalls suffers no present injury as a result of the District Director's withdrawal order permitting Boone to withdraw his claim without prejudice. We conclude that the withdrawal order necessarily injures Ingalls because it strips Ingalls of a valuable right conferred upon it by the mandamus order—namely, the right to have Boone's claim transferred to *and* decided by the OALJ. Consequently, we reverse the Board's conclusions as to standing, ripeness and lack of harm, we vacate the orders allowing Boone and the other claimants to withdraw their claims without prejudice, and we remand for further proceedings consistent with this opinion.

I

As we have earlier indicated, this appeal from the administrative decision of the Board inextricably involves the mandamus order of the district court in a separate proceeding. We thus retrace a little of the history behind this appeal.

In 1987, Boone filed a claim against Ingalls Shipbuilding, Inc. for worker compensation benefits alleging that a diagnosis of pulmonary disease was related to his exposure to asbestos during his employment. After filing this claim, Boone entered into third-party settlements with asbestos manufacturers and distributors. Although Boone gave notice to Ingalls of these settlements, he failed to obtain its consent as required by the LHWCA.

In 1990, Ingalls filed a Pre-Hearing Statement with the District Director, requesting that the District Director refer to the OALJ for an administrative hearing of Boone's case and the cases of approximately 3,100 other claimants. Ingalls also filed a motion for summary judgment with the OALJ asserting that under section 933(g) of the LHWCA, Boone's third-party settlement without its approval as his employer bars his recovery under the LHWCA.

The District Director refused for more than two years to transfer the cases to the OALJ. In addition, she indicated no intention of ever transferring the cases. *See Ingalls Shipbuilding, Inc. v. Asbestos Health Claimants,* 17 F.3d 130, 131 (5th Cir.1994) ("*Ingalls I* ") (discussing the District Director's "new and inventive rationales for deferring the referral" of the LHWCA claims against Ingalls). Thus, Ingalls went to the federal district court seeking relief. On January 7, 1993, it obtained a writ of mandamus of the district court ordering the District Director to transfer these cases.

The District Director then appealed the mandamus order to this court. We affirmed the mandamus order, but remanded for further explication. *See id.* Before our opinion issued, however, Boone set in motion the events forming the basis for this appeal.

Specifically, on January 19, 1993, two weeks after the mandamus order issued but before the District Director had actually obeyed the mandamus order and transferred the cases, Boone filed with the District Director a motion to withdraw his claim. He stated that although he had been diagnosed with asbestos-related

pulmonary disease, he had sustained no compensable disability. Approximately three weeks later, on February 12, 1993, the District Director transferred to the OALJ all 3,094 claims, including Boone's, as directed by the mandamus order. More than a month after she had transferred the cases to the OALJ, on March 18, 1993, the District Director approved the withdrawal of Boone's claim without prejudice. Ingalls appealed that withdrawal order to the Board.

During the pendency of Ingalls's administrative appeal of the withdrawal order, we issued our opinion affirming the earlier mandamus order of the district court. *See Ingalls I,* 17 F.3d 130. In upholding the mandamus order, we specifically rejected the contention that the District Director possesses discretion under the LHWCA to delay ordering a hearing after a request for one has been made. *Id.* at 134. Instead, we found that the "[District] Director had a clear, ministerial and nondiscretionary duty pursuant to 33 U.S.C. § 919(c) to transfer the claims in issue to the OALJ for a hearing." *Id.* We further concluded that the "mandamus order was the proper remedy to redress the [District] Director's failure to carry out this duty." *Id.*

We also considered whether the District Director "should be entitled to consider and act on motions to withdraw prior to and in lieu of referring claims to the OALJ." *Id.* at 135-36. Because "the effect of the district court's mandamus order on the [District] Director's power to consider motions to withdraw is unclear," we remanded "for further development and explication" by

5

the district court of the District Director's power to consider such motions. *Id.* at 136.

On remand, the district court filed a memorandum opinion and order explaining its earlier mandamus order. *See* Memorandum Opinion and Order of February 27, 1995. The district court concluded that although the mandamus order permitted claimants to move to withdraw claims, the OALJ—and not the District Director—was authorized to consider such motions. The District Director did not appeal the February 27, 1995 order.

Sometime after our opinion in *Ingalls I* issued, the Board heard and rejected Ingalls' administrative appeal in the case now before us. The Board dismissed Ingalls's appeal of the withdrawal order for lack of standing and as not being ripe for adjudication. *Boone v. Ingalls Shipbuilding, Inc.,* 27 BRBS 250 (1993), *aff'd en banc,* 28 BRBS 119 (1994). The Board reasoned that Ingalls will "not be adversely affected or aggrieved unless or until a new claim is filed" by Boone. *Id.* Ingalls filed a motion for reconsideration on the merits and the Board granted the motion. *Boone v. Ingalls Shipbuilding, Inc.,* 28 BRBS 119 (1994) (*en banc* ).

Upon reconsideration *en banc,* the Board continued to deny the requested relief of vacating the withdrawal order. The Board held that, because Ingalls faces no "direct or immediate hardship" as a result of the withdrawal without prejudice, Ingalls lacked standing under 33 U.S.C. § 921(c) and that the issues presented by Ingalls were not ripe for adjudication. The Board also concluded that the District Director had failed to perform her mandatory duty by not

6

transferring Boone's case to the OALJ upon request. It nevertheless held that this failure was harmless because the withdrawal abrogated Boone's compensation claim against Ingalls. Ingalls now appeals the Board's decision.[3]

For purposes of clarity, let us now iterate what is and is not before us: The District Director has not appealed the district court's 1995 order clarifying the meaning of the 1993 mandamus order; before us is only Ingalls's appeal from the administrative decision and order of the Benefit Review Board allowing the District Director's withdrawal order to stand.

## II

Ingalls challenges the Board's holdings as to standing,[4]

---

[3]Two motions are carried with this case on appeal: First, Boone's motion to dismiss Ingalls's appeal or, alternatively, to affirm summarily the Board's decision. We consider this motion in our discussion of the merits of Ingalls's appeal.

Second, Ingalls's motion to strike the brief of the Director of the Office of Workers' Compensation Programs (the "Director") has been carried with the case. Ingalls argues that the Director's brief should be struck because the Director is not "affected or aggrieved" by the issues in this case and thus has no standing under LHWCA section 921(c) to participate in the appeal. We disagree. In *Ingalls Shipbuilding Div., Litton Systems, Inc. v. White,* we rejected the argument that the Director must demonstrate an injury to justify his standing to appeal under section 921(c). 681 F.2d 275, 282 (5th Cir.1982), *overruled on other grounds by Newpark Shipbuilding & Repair, Inc. v. Roundtree,* 723 F.2d 399, 406-07 (5th Cir.1984) (en banc). Instead, we held that under Federal Rule of Appellate Procedure 15(a), together with the LHWCA and regulations thereunder, the Director is the agency-respondent and therefore entitled to respond in this court. *Id.* at 284. Consequently, we deny Ingalls's motion to strike the Director's brief.

[4]Section 921(c) provides that any "person adversely affected or aggrieved by a final order of the Board may obtain a review of that order." 33 U.S.C. § 921(c).

ripeness,[5] and the harmlessness of the District Director's actions. Each of these holding rest, in the Board's view, on a single missing element—that Ingalls suffers no present harm as a result of Boone's withdrawal of his claim without prejudice. Ingalls will not be injured, the Board held, unless and until Boone refiles his claim.

Ingalls argues that it indeed has been presently injured by the District Director's order permitting Boone to withdraw his claim without prejudice. The District Director, Ingalls argues, has denied it an important procedural right to have Boone's case transferred to *and* decided by the OALJ, a right conferred on Ingalls by the district court's mandamus order of January 7, 1993, as explicated further by the district court on February 27, 1995. The withdrawal order, Ingalls maintains, nullifies its right to have Boone's suit transferred to the OALJ pursuant to the district court's mandamus order. The withdrawal order, moreover, deprives it of its "day in court" and its absolute right to have its potential liability, and any associated motions, determined by an administrative law judge ("ALJ").[6]

---

[5]Determining ripeness for review has been described as a two-step analysis, requiring that an issue be fit for review and that the parties face a "direct and immediate hardship [which] would entail more than possible financial loss" if review is withheld. *Chavez v. Directors, OWCP,* 961 F.2d 1409, 1414-15 (9th Cir.1992).

[6]Ingalls also attacks the withdrawal decision on several other bases, including LHWCA section 919(c) and its applicable regulation, section 702.225, both of which govern hearings; LHWCA section 933(g), governing employer defenses; and Federal Rule of Civil Procedure 41(a)(2). Because we find that the mandamus order controls the District Director's duties and, therefore, is

8

Because Ingalls, in order to show injury, charges that the District Director has denied it a right conferred by the district court's mandamus order, we examine the effect of that order in some detail.

III

As we noted earlier, we found in *Ingalls I* that the "mandamus order was the proper remedy to redress the [District] Director's failure to carry out" its "clear, ministerial and nondiscretionary duty ... to transfer the claims in issue to the OALJ for a hearing." 17 F.3d at 134. We did not decide, however, whether the District Director possessed the authority under the mandamus order "to consider and act on" any motions for withdrawal "prior to, and in lieu of, referring the claims to the OALJ." *Id.* at 135-36. Instead, we remanded this question to the district court "for further development and explication." *Id.* at 136.

On remand, the district court considered two questions: First, whether it erred in its mandamus order in categorically ordering the transfer of the 3,094 claims to the OALJ and, second, whether that mandamus order permitted the District Director to consider and decide motions to withdraw the transferred claims.

The district court answered the first question in the negative. The court found no error in its "categoric transfer of the claims [subject to the mandamus order] ... given the District Director's delay in complying with the [LHWCA and] the failure of

---

dispositive, we need not reach the merits of Ingalls's other arguments.

9

the claimants to move for withdrawal until after our January 7, 1993 mandamus order...." D.Ct. Memorandum and Op. at 8.

The district court then considered the effect of the mandamus order on claimants' motions to withdraw pending claims. The court concluded that although the mandamus order permits claimants to withdraw their claims, it authorizes the ALJ—and not the District Director—to consider such motions. Consideration of such motions by the ALJ is proper, the court found, because "the administrative scheme set up by the [LHWCA] is best suited to handle the resolution of the parties' interests." *Id.* at 8-9. The LHWCA, moreover, permits motions for withdrawal to be filed with and acted on by the ALJ. *Id.* at 8-9 (stating that the "ALJ is vested with the authority of the District Director upon transfer," including the authority to hear and decide motions for withdrawal).

The court then explicitly considered and rejected the District Director's authority to consider and decide motions to withdraw the transferred claims. The court first stated that it may have been inclined, if it had been asked, to give the District Director some discretion to act on the claimants' motions to withdraw pending claims. The court concluded, however, that "when an administrative officer refuses to set the process in motion which warrants mandamus relief, entirely different considerations are present." *Id.* The court similarly refused to "order a re-transfer to the Director for consideration of the motions to withdraw," finding that this would not "be in the best interests of the parties." *Id.* This is so "[b]ecause the referenced claims were transferred to the

10

OALJ approximately two years ago." *Id.*

In short, the district court found that although its mandamus order does not bar claimants from seeking to withdraw their claims, it authorizes only the ALJ—and not the District Director—to consider such motions.

IV

We now must decide whether the District Director's order permitting Boone to withdraw his claim without prejudice "adversely affect[s] or aggrieve[s]" Ingalls to the extent that it provides Ingalls standing, creates a "direct and immediate hardship" on Ingalls so that the issue is ripe for adjudication, and is "harmless" because it abrogated Boone's claim against Ingalls. As we have noted above, each of these inquiries hinges on whether Ingalls suffers a present injury as a result of the District Director's withdrawal order.

In *Ingalls I,* we held that Ingalls was entitled to the extraordinary remedy of mandamus in order to counter the District Director's "inventive rationales for deferring the referral" of approximately 3,100 claims, including Boone's. 17 F.3d at 131. The mandamus order plainly directed the District Director to transfer Boone's claim to the OALJ. In addition, that order, as clarified, removed the authority of the District Director to grant or deny any motion to withdraw; it specifically provided that the OALJ, and only the OALJ, may consider and dispose of pending motions for withdrawal. The order therefore created a clear, nondiscretionary duty on the District Director to transfer Boone's

11

case to OALJ for adjudication *and* to refrain from considering motions for withdrawal following the transfer to the OALJ.

The District Director violated the mandamus order when she considered and acted upon Boone's motion to withdraw his case without prejudice. By permitting Boone to withdraw his claim, the District Director undermined the process that the district court established for the resolution of Boone's claim and any motions with respect to that claim. Instead of having Boone's claim against it, including all motions pertaining to that claim, heard in an adjudicative forum and decided by the OALJ, Ingalls had the motions for withdrawal of claims against it considered by, in the district court's words, the "administrative officer [who] refuse[d] to set the process in motion which warrants mandamus relief." D.Ct. Memorandum and Op. at 8. This procedure was rejected by the district court's mandamus order. The District Director's action thus injures Ingalls because it strips Ingalls of the valuable procedural right to have the motions to withdraw considered in an adjudicative forum and in a different forum from the executive forum that had been indifferent, if not hostile, to Ingalls' rights for two years.

In the light of this injury, we conclude that Ingalls is "adversely affected or aggrieved" by the District Director's order and thus has standing under section 921(c) to seek review of the Board's decision in this court. We further find that Ingalls faces a "direct and immediate hardship" as a result of Boone's withdrawal of his claim and thus presents a controversy that is ripe for

12

review.  Finally, we conclude that because the District Director's action has injured Ingalls, the District Director's error in permitting Boone to withdraw his claim cannot be harmless.[7]

V

In sum, we deny Ingalls's motion to strike the brief of the Director, we deny Boone's motion to dismiss Ingalls's appeal, and we VACATE the District Director's orders allowing Boone and the other claimants to withdraw their claims without prejudice.  We REMAND for further proceedings not inconsistent with this opinion.

VACATED and REMANDED.

---

[7]Although we are "limited [in reviewing Board orders] to considering errors of law and making certain that the Board adhered to its statutory standard of review of factual determinations," we conclude that the Board has made an error of law in finding that the District Director's action here is harmless.  *Boland Marine & Mfg. Co. v. Rihner,* 41 F.3d 997, 1002 (5th Cir.1995).